IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 0 6 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------x

SELINA MILLER,

          Plaintiff,

MEMORANDUM AND ORDER

-against-

15-CV-2690 (WFK)

JERRY HAMMOND, TIMOTHY CURRY,
DENNIS BENJAMIN, RACHAEL QUMOS,
CHARLES TURNER, and RHONDA THOMPSON,

          Defendants.

------------------------------------------------------------x

KUNTZ, United States District Judge:

By Memorandum and Order dated June 4, 2015, this action was dismissed as frivolous, and plaintiff was directed to show cause, by written affirmation, why the Court should not bar her from filing any future actions seeking *in forma pauperis* status without first seeking leave of the Court. By submission dated June 16, 2015 and received by the Court on June 23, 2015, plaintiff filed a response to the Court's Order. Her "Memorandum in Support Contra to June 4, 2015 Memorandum of Judge Kuntz" does not present any reason not to impose a filing injunction.

The Court's June 4, 2015 Order described plaintiff's extensive history of litigation in this and other courts and a previous order barring her from filing suit in the United States District Court for the Southern District of Ohio. *See Miller v. Ohio Bd. of Regents, et al.*, No. 01-CV-550, slip op. (S.D. Ohio Aug. 21, 2003) (noting plaintiff's history of filing frivolous suits in federal court and Ohio county courts). This Court issued multiple warnings to plaintiff that the future filing of duplicative and frivolous litigation could result in the imposition of a filing injunction. Nonetheless, plaintiff continued to file frivolous and delusional complaints. Indeed, after the Court's most recent warning, plaintiff filed a new complaint on June 9, 2015 seeking $20 million in damages and alleging in sum and substance that "Theodore Williams, PHD states she has a 'mental disorder.'" *Miller v. Williams*, No. 15-CV-3403-WFK-JO (E.D.N.Y.),

Complaint, at 2.

In her June 16, 2015 submission, plaintiff states that she cannot be barred because: "(1) I'm not an attorney; (2) I don't know you; (3) I don't know the defendants 'Qumos'; (4) I don't understand who wrote this information; [and] (5) I don't understand." (ECF Entry #7, at 1.) None of these statements convinces the Court that plaintiff has legitimate concerns that the federal courts can address. Instead, it is clear that an injunction is necessary to prevent plaintiff from wasting judicial resources and harassing the unsuspecting defendants she has named. "If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). Plaintiff has demonstrated such a history.

Accordingly, the Court orders that: (1) plaintiff is enjoined from filing any new *in forma pauperis* action in this Court without obtaining leave of the Court and (2) the Clerk of Court is directed to return to plaintiff, without filing, any *in forma pauperis* action which is received from plaintiff without an application seeking leave to file. *See* 28 U.S.C. § 1651.

Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order; however, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
July 6, 2015

2